Julia Herzeg, petitioner,

*v.*

Michael Herzeg, defendant.

[Decided April 14th, 1926.]

**Service of Process—Application for Order Dispensing With Special Substituted Service, Counsel Alleging That All Methods of Service Have Been Exhausted—Facts Considered and the Rules and Orders do Not Seem to Have Been Fully Complied With, Nor All Methods Actually Exhausted, Cause Not Being Shown for Dispensing With Substituted Service, a New Order of Publication Must be Taken Out.**

On petition for divorce. On application for order of reference *ex parte.*

*Messrs. Feld, Weiss & Feld,* for the petitioner.

Walker, Chancellor.

Application has been made to me for an order dispensing with special substituted service in this cause. Counsel for the petitioner states that all methods of service being exhausted, he appealed to the advisory master, requesting that he refer the matter to a special master for hearing; that the advisory master refused to issue an order of reference in this cause, and insisted upon a fourth order of publication to be served upon some person known to the petitioner or the solicitor; that it appears every possible method has been exhausted to ascertain the whereabouts of the defendant, or any person who may be related to the said defendant by blood, marriage or otherwise, or any person who may be connected with the said defendant in business or otherwise, proof of which has all been made by affidavits.

The file in the cause shows that on April 4th, 1925, the petitioner, Julia Herzeg, made an affidavit that Mrs. Wizner, residing at 226 Third street, Passaic, New Jersey, a step-sister-in-law of defendant, informd her that she believed the

defendant was at that time in Freemansburg, Pennsylvania, and that she saw him about four months before at that place while attending a funeral; that Mrs. Louisa Kugler is a step-sister· of defendant, and that she resides at Freemansburg, Pennsylvania; that John Herzeg, a brother of defendant, resides at the same place.

One of the solicitors of the petitioner, Edward A. Weiss, Esquire, on May 8th, 1925, made proof of inquiry by stating that on April 7th, 1925, he caused to be mailed a letter to Louisa Kugler, a step-sister of the defendant, at Freemansburg, Pennsylvania, and a letter to John Herzeg, a brother of defendant (apparently to the same· place), making inquiry as to the whereabouts of the defendant.

No reply was received from Louisa Kugler, but John Herzeg, on April 15th, made answer, as follows:

> "823 Hayes St.,
> So. Bethlehem, Pa.
> 1925 April 15.
>
> Dear Sir—
>
> In reply of your letter I am sorry to state that I am unable to forward the desired address of Michael Herzeg, as he did not comrnunicate with me since two years, his whereabouts is unknown to me.
>
> Yours truly,
> JOHN HERZEG   *   *   *   ·KARVEIS,
> (name of agent
> actually writing.)"

Although the object of the inquiry was not stated in the manner required by the rule, nor was the postage stamp enclosed for the return of an answer, an order of publication was allowed directing service within twenty days upon the defendant of the petition and order, or notice of the order, as service substituted for personal service of process within the state, and in the manner prescribed by rules of court for such substituted service. The usual notice was published as directed, and in proof of services of the papers an affidavit was filed, made by Mr. Weiss, in which he states that he "caused to be mailed by registered mail a letter [contents not stated] addressed to Mr. Michael Herzeg, the defendant in this case, at No. 49 Mahar avenue, Clifton, New Jersey, last-known residence of the defendant, which letter was re-

turned. I also caused to be mailed by registered mail a letter [contents not stated] addressed to Michael Herzeg, c/o Louisa Kugler, P. O. Box No. 158, Freemansburg, Pennsylvania, which letter was returned with a notation that the said Michael Herzeg had moved and left no address. Both these letters were returned and are now in the possession of the solicitor."

Not only does the proof fail to show that the envelope mailed contained a certified copy of the petition and of the order of publication, or notice thereof, and otherwise fails to comply with subdivision 3 of rule 258, but it also discloses that the substituted service was not had upon the defendant. Consequently, solicitors, on September 18th, 1925, applied for and were granted another order of publication, with a special direction of service upon John Herzeg, the brother of the defendant, Freemansburg, Pennsylvania, personally or by leaving said papers at his place of abode, or by unregistered mail, the envelope to have upon it a return address, and the result of mailing to be shown by affidavit, when it should have provided that it be addressed to 823 Hayes street, South Bethlehem, Pennsylvania, as disclosed in the affidavit of Edward A. Weiss.

Counsel neglected to comply with this order, either by publishing it or serving the papers as directed, but afterwards, on October 28th, 1925, requested and procured another order of publication directing the special substituted service to be made as required in the order of September 8th, 1925.

In making proof of mailing, Mr. Weiss, in his affidavit, says that he personally mailed, in accordance with the requirements of the order of publication, certified copy of the petition and of the order of publication, to John Herzeg, Freemansburg, Pennsylvania (when it should have been to his address at 823 Hayes street, South Bethlehem, Pennsylvania, as above set out), and he fails to state that the postage was prepaid, where he deposited the papers mailed, or the date on which they were mailed, as required by subdivision 3 of rule 258. He positively states, however, that the letter and contents have been returned with the post-office stamp thereon marked "Unknown."

Upon application for an order of reference under this proof, the advisory master, on December 31st, 1925, made the following memorandum:

"The papers were not served on John Herzeg as directed in the order of publication. Counsel should pay better attention. Three orders of publication have already been taken out in this cause."

When papers were again presented to the advisory master, he made an additional memorandum reading:

"Petitioner is required to take out another order of publication."

This they have failed to do, insisting, as already stated, that they have exhausted every possible method to ascertain the whereabouts of the defendant so as to procure a substituted service or a special substituted service in the matter.

Where the defendant is out of the state, or cannot, upon due inquiry, be found therein, or conceals himself within the state, section 14 of the Divorce act (*P. L. 1907 p. 479*) provides for the chancellor making an order directing the defendant to answer by a certain day, not less than two nor more than six months, and the order or notice thereof shall, within twenty days thereafter, be published in the newspaper designated in the order and continued therein for four weeks successively, one in every week, and also provides that service upon the defendant within or without this state of the petition and such order, or notice thereof as service substituted for personal service of process within this state, shall also be made within the same time, and in such manner as the chancellor may by general rules prescribe. See, also, *P. L. 1907 p. 477 § 7.*

The chancellor has by general rule 258 prescribed the manner in which the papers mentioned may be served on the defendant, but if such service cannot be made in the manner directed by the rules, then it is provided by subdivision 4 of such rule:

"By such service as the court may direct upon application for special substituted service in the cause, to be made within twenty days from the date of the order to answer.".

Subdivision 5 provides that—

"No adjudication pursuant to the statute shall be made that publication could not be followed practically by service upon or notice to the defendant without this state, or by additional substituted service upon the defendant within this state, unless so made upon an application for special substituted service under subdivision · 4, or upon application for the order of reference; and in the latter case, unless it is made clearly to appear that no special substituted service could have been directed if application had been made therefor within the time allowed by subdivision 4."

And subdivision 6 declares that—

"No order of reference shall be made in any case falling under this rule [258] until its requirements and the requirements of the preceding rule [257] shall have been satisfied."

Application for adjudication that publication could not be followed practically by service upon the defendant without the state or by additional substituted service upon him within this state, is made in this cause upon application for an order of reference; consequently, it must clearly appear that no special substituted service could have been directed had application been made therefor within the time allowed by subdivision 4.

A special substituted service could have been directed to have been made on John Herzeg, at 823 Hayes street, South Bethlehem, Pennsylvania.

Out of an abundance of caution counsel should have addressed John Herzeg, not only at Freemansburg, Pennsylvania, where he, apparently, does not live, but also at 823 Hayes street, South Bethlehem, Pennsylvania, where, apparently, he does live.

It appears that proper care and diligence would have enabled counsel to serve the papers on him (John Herzeg) within the time directed.

Cause is not shown for dispensing with substituted service, but, on the contrary, a new order of publication must be taken out, as directed by the advisory master.